USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-13-12

# MAYER·BROWN

Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

November 7, 2012

Michael O. Ware
Direct Tel +1 212 506 2593
mware@mayerbrown.com

BY EMAIL

Hon. Paul A. Crotty
United States District Judge
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl St.
New York, N.Y. 10007

Re:    FGIC v. GMAC Mortgage et al., FGIC v. Ally Financial et al.

| 11 Civ. 9729 (PAC) | 12 Civ. 780 (PAC) |
| 12 Civ. 338 (PAC) | 12 Civ. 1601 (PAC) |
| 12 Civ. 339 (PAC) | 12 Civ. 1658 (PAC) |
| 12 Civ. 340 (PAC) | 12 Civ. 1818 (PAC) |
| 12 Civ. 341 (PAC) | 12 Civ. 1860 (PAC) |

Dear Judge Crotty:

We represent defendants Ally Financial Inc. and Ally Bank in those of the above-referenced actions in which they have been named. This letter is the all-party status report required under the Court's memorandum endorsement of July 20, 2012.

Under a new stipulated order of the bankruptcy court, attached as Exhibit A, these actions will remain stayed at least through January 31, 2013. All counsel accordingly suggest that the parties be directed to submit a further status report no later than February 8, 2013. We anticipate no other activity in these cases in the meantime.

Respectfully submitted,

*/s/ Michael O. Ware*

Michael O. Ware

cc by email:

Howard F. Sidman, Esq.
*Jones Day for FGIC*

SO ORDERED: 11-13-12

/s/ Paul A. Crotty
HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

MEMO ENDORSED

Mayer Brown LLP operates in combination with other Mayer Brown entities with offices in Europe and Asia
and is associated with Tauil & Chequer Advogados, a Brazilian law partnership.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Exhibit A to November 2012
Letter to Judge Crotty

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |
| RESIDENTIAL CAPITAL, LLC, et al., | Adv. Case No. 12-ap-01671 (MG) |
| Plaintiffs, | |
| v. | |
| ALLSTATE INS. CO., et al., | |
| Defendants. | |

### STIPULATION AND ORDER WITH RESPECT TO DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, FOR INJUNCTIVE RELIEF

Subject to the approval of the Court, this Stipulation (the "Stipulation") is made and entered into by, between and among the debtors and debtors in possession in the above-captioned bankruptcy case (collectively, the "Debtors") and the Financial Guaranty Insurance Corporation ("FGIC" and, together with the Debtors, the "Parties"). The Parties intend this Stipulation to supplement the stipulation previously entered into in this adversary proceeding (Docket No. 78) that resolved, against FGIC, the Debtors' Motion (the "Motion"), for entry of an Order pursuant to 11 U.S.C. §§ 362(a)(1) and/or 362(a)(3) and 105(a) extending the automatic stay imposed by 11 U.S.C. § 362(a) to the continued prosecution of the FGIC Actions[1] against the Non-Debtor

---

[1] The FGIC Actions are: *FGIC v. GMAC Mortg., LLC et al.*, No. 11-cv-9729 (S.D.N.Y.); *FGIC v. Ally Fin. Inc. et al.*, No. 12-cv-00341 (S.D.N.Y.); *FGIC v. Ally Fin. Inc. et al.*, No. 12-cv-00340 (S.D.N.Y.); *FGIC v. Ally*



Affiliates[2] or, in the alternative, for entry of an order pursuant to 11 U.S.C. § 105(a) enjoining and prohibiting the continued prosecution of the FGIC Actions against the Non-Debtor Affiliates.

WHEREAS, venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

WHEREAS, notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances and that no other or further notice need be given.

NOW THEREFORE, the Parties have reached the following agreement:

1. FGIC agrees that it is stayed and enjoined from and against the continued prosecution, including the pursuit of any discovery, by FGIC in the FGIC Actions against the Non-Debtor Affiliates through January 31, 2013 (the "Stay Period"), except as specifically provided in paragraph 2 below, and the Parties agree to extend any deadlines that occur in the FGIC Actions during the Stay Period.

2. Notwithstanding paragraph 1 above:

   a. FGIC is not stayed or enjoined from pursuing the production of documents in the possession, custody, or control of the Non-Debtor Affiliates (except to the extent such documents are solely in the possession or custody of the Debtors). For the sake of clarity, the Non-Debtor Affiliates will not be required to produce, and will not produce, any documents that are solely in the Debtors' possession.

---

*Fin. Inc. et al.*, No. 12-cv-00339 (S.D.N.Y.); *FGIC v. Ally Fin. Inc. et al.*, No. 12-cv-00338 (S.D.N.Y.); *FGIC v. Ally Fin. Inc. et al.*, No. 12-cv-0780 (S.D.N.Y.); *FGIC v. Ally Fin. Inc. et al.*, No. 12-cv-1601 (S.D.N.Y.); *FGIC v. Ally Fin. Inc. et al.*, No. 12-cv-1658 (S.D.N.Y.); *FGIC v. Ally Fin. Inc. et al.*, No. 12-cv-1818 (S.D.N.Y.); *FGIC v. Ally Fin. Inc. et al.*, No. 12-cv-1860 (S.D.N.Y.).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

   b. The Non-Debtor Affiliates and FGIC shall cooperate and negotiate in good faith on an appropriate schedule for responsive pleadings and for discovery in the FGIC Actions following the expiration of the Stay Period.

3. Subject to entry into an appropriate confidentiality agreement, the Debtors will provide FGIC copies of any discovery they produce in the above-captioned adversary proceeding.

4. During the Stay Period, all Parties and Non-Debtor Affiliates will preserve documents, data, and tangible things currently in their possession, custody and control that are subject to discovery in the FGIC Actions subject to this Stipulation.

5. The Non-Debtor Affiliates will agree (in a form of agreement reasonably acceptable to FGIC and the Non-Debtor Affiliates) to toll any statute or period of limitations, statutes of repose, or other time-based limitations or defenses which might be asserted as a time bar and/or limitation to any claim that could be asserted against them by FGIC in the FGIC Actions during the Stay Period, and FGIC shall forbear bringing any lawsuits against the Non-Debtor Affiliates during the Stay Period. Nothing in this Stipulation shall operate (or constitute an agreement or a requirement) to revive or extend the time for filing any claim against a Non-Debtor Affiliate in any MBS Action that is now time barred or barred by any applicable statute or period of limitations, statutes of repose or other time-related defense as of the date of this Stipulation.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation, except as to those matters, including but not limited to the discovery permitted under paragraph 2 above, pending before the respective courts where each of the affected FGIC Actions are pending.

7. Except as specifically provided for herein, the Parties reserve all rights, claims and defenses they may have in the FGIC Actions, the above-captioned adversary proceeding, or the above-captioned bankruptcy case, and entry into this Stipulation shall not impair or otherwise affect such rights, claims and defenses, and all such rights and defenses are expressly preserved.

8. This Stipulation is without prejudice to any further requests for an Order pursuant to 11 U.S.C. §§ 362(a)(1) and/or 362(a)(3) extending the automatic stay imposed by 11 U.S.C. § 362(a) to the continued prosecution of the FGIC Actions against the Non-Debtor Affiliates or, in the alternative, for entry of an order pursuant to 11 U.S.C. § 105(a) enjoining and prohibiting the continued prosecution of the FGIC Actions against the Non-Debtor Affiliates, or the right of any party to contest such requests, provided that the parties shall not modify this Stipulation other than by written agreement.

9. FGIC shall have until March 1, 2013 to file an answer or otherwise respond to any complaint filed in this adversary proceeding.

10. Notwithstanding anything herein to the contrary, this Stipulation shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

11. Nothing in this stipulation will alter the rights of FGIC to seek discovery in the Chapter 11 cases.

12. FGIC reserves the right to challenge the Bankruptcy Court's jurisdiction in this matter and/or otherwise object to the Bankruptcy Court's ability to enter judgment in this matter.

Dated: October 17, 2012

/s/ Howard F. Sidman
Howard F. Sidman

JONES DAY
222 East 41st Street
New York, NY 10017-6702
Telephone: 212-326-3939
Facsimile: 212-755-7306

*Counsel to Financial Guaranty Insurance Co.*

Dated: October 17, 2012

/s/ Joel C. Haims
Gary S. Lee
Joel C. Haims

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: 212 468-8000
Facsimile: 212 468-7900

*Counsel to the Debtors and Debtors in Possession With Respect*

New York, New York
Dated: October 22, 2012

**IT IS SO ORDERED**

/s/Martin Glenn
MARTIN GLENN
United States Bankruptcy Judge

5